1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

DURELL ANTHONY PUCKETT,

11

Plaintiff,

12

v.

13

D. MORENO, *et al.*,

14

Defendants.

Case No.  2:22-cv-00650-JDP (PC)

ORDER:

 (1) GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA
PAUPERIS;

(2) DENYING PLAINTIFF'S MOTION
FOR EXTENSION OF TIME TO PAY THE
FILING FEE AS MOOT

ECF Nos. 6 & 8

SCREENING ORDER THAT PLAINTIFF:

(1) STAND BY HIS COMPLAINT
SUBJECT TO A
RECOMMENDATION OF
DISMISSAL OF CLAIMS AND
PARTIES, OR

(2) FILE AN AMENDED
COMPLAINT

ECF No. 1

THIRTY-DAY DEADLINE

26

27

Plaintiff, a state prisoner, alleges that defendants violated his rights under the Eighth

28

Amendment by inflicting cruel and unusual punishment on him and by exhibiting deliberate

1

1    indifference toward his safety when a fire broke out in his cell.  ECF No. 1 at 4, 7.  I have

2    screened the complaint and determined that the complaint contains multiple, unrelated claims

3    against more than one defendant.  I will grant plaintiff an opportunity to amend and narrow his

4    claims before recommending dismissal of claims or parties.

5                                         **Screening Order**

6    **I.       Screening and Pleading Requirements**

7           A federal court must screen a prisoner's complaint that seeks relief against a governmental

8    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

9    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

10   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

11   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

12          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

13   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

14   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

15   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

16   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

17   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

18   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

19   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

20   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

21   n.2 (9th Cir. 2006) (en banc) (citations omitted).

22          The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

23   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

24   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

25   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

26   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

27   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

28   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

1

## II.    Analysis

2        Plaintiff raises two unrelated claims against more than one defendant.  First, he alleges

3   that, on April 28, 2021, defendant Moreno, a correctional officer, threatened him and refused to

4   call medical staff after plaintiff indicated he was suicidal.  ECF No. 1 at 4.  Separately, on May 6,

5   2021, plaintiff alleges that defendants Moreno, Williams, and Haynes, correctional officers all,

6   declined to pull plaintiff out of his cell after a fire started inside.[1]  *Id.* at 7.  Multiple, unrelated

7   claims against more than one defendant belong in separate lawsuits. See Fed. R. Civ. P. 18(a);

8   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party

9   are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against

10  Defendant 2.").  These two claims occurring on separate dates and involving different facts are

11  not sufficiently related to proceed in the same lawsuit.

12       Plaintiff may amend his complaint to include only related claims.  If plaintiff decides to

13  file an amended complaint, the amended complaint will supersede the current complaint.  *See*

14  *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the

15  amended complaint will need to be complete on its face without reference to the prior pleading.

16  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no

17  longer serves any function.  Therefore, in an amended complaint, as in an original complaint,

18  plaintiff will need to assert each claim and allege each defendant's involvement in sufficient

19  detail.  The amended complaint should be titled "Amended Complaint" and refer to the

20  appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that

21  claims or parties be dismissed.

22       Accordingly, it is ORDERED that:

23       1.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED.

24       2.  The motion for extension of time to pay the filing fee, ECF No. 8, is DENIED as

25  moot.

26  _____

27  [1] Plaintiff also names another correctional officer named Arriega and a "John Doe" fire
    chief as defendants.  ECF No. 1 at 3.  He alleges Arriega has harassed him and made unspecified
    threats of "getting him killed."  *Id.* at 10.  With respect to the fire chief, plaintiff alleges that this
28  individual hosed was responsible for hosing down his property during the cell fire. *Id.* at 9.

3.  Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that claims or parties be dismissed.

4.  Failure to comply with this order may result in the dismissal of this action.

5.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    August 10, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4