1

2

3

4

5

6

7                                UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DURELL ANTHONY PUCKETT,                    Case No.  2:22-cv-00650-JDP (PC)

11                        Plaintiff,             SCREENING ORDER THAT PLAINTIFF:

12           v.                                       (1) STAND BY HIS COMPLAINT
                                                      SUBJECT TO A
13    D. MORENO, *et al.*,                            RECOMMENDATION OF
                                                      DISMISSAL OF CLAIMS AND
14                        Defendants.                 PARTIES, OR

15                                                    (2) FILE AN AMENDED
                                                      COMPLAINT
16
                                                 ECF No. 12
17
                                                 THIRTY-DAY DEADLINE
18

19

20

21           Plaintiff, a state prisoner, alleges that defendants Smith, Haynes, Williams, and Moreno

22    violated his rights under the Eighth Amendment by refusing to acknowledge that he was suicidal

23    and then failing to help him once he started a fire in his cell.  Separately, he alleges that defendant

24    Haynes violated his First Amendment rights by retaliating against him for "complaining."  I have

25    screened the amended complaint and determined that the complaint contains multiple, unrelated

26    claims against more than one defendant.  Plaintiff may either proceed only with his Eighth

27    Amendment claims or delay serving any defendant and file another amended complaint.

28

                                                 1

1

**Screening Order**

2

    **I.**       **Screening and Pleading Requirements**

3

       A federal court must screen a prisoner's complaint that seeks relief against a governmental

4

entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

5

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7

immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8

       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10

face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

11

require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.

12

662, 678 (2009). If the allegations "do not permit the court to infer more than the mere

13

possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not

14

identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15

1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that

16

give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17

n.2 (9th Cir. 2006) (en banc) (citations omitted).

18

       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404

19

U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it

20

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21

would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24

1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

2

1

## II.    Analysis

2          Plaintiff alleges that, on May 6, 2021, he told defendants Smith, Williams, Haynes, and

3    Moreno that he needed to be placed on suicide watch.  ECF No. 12 at 4.  They ignored his request

4    and, after plaintiff set a fire in his cell, delayed removing him until after he had suffered from

5    smoke inhalation.  *Id.*  These allegations are sufficient to state an Eighth Amendment violation.

6          Separately, plaintiff alleges that defendant Haynes falsified a disciplinary report against

7    him for "complaining."  *Id.* at 5.  He does not specify whether his complaints were put into a

8    prison grievance, legal filing, or merely uttered aloud to the defendant.  Regardless, plaintiff has

9    not alleged facts linking this First Amendment violation with the foregoing violation of his Eighth

10   Amendment rights.

11         Plaintiff may proceed only with his Eighth Amendment claims and dismiss his first

12   Amendment claims.  Or he may delay serving any defendant and amend his complaint to include

13   only related claims.  If plaintiff decides to file an amended complaint, the amended complaint will

14   supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir.

15   2012) (en banc).  This means that the amended complaint will need to be complete on its face

16   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

17   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

18   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

19   defendant's involvement in sufficient detail.  The amended complaint should be titled "Second

20   Amended Complaint" and refer to the appropriate case number.

21          Accordingly, it is ORDERED that:

22         1.  Within thirty days from the service of this order, plaintiff must either advise the court

23   of his intent to proceed only with his Eighth Amendment claims and to dismiss all other claims or

24   to file an amended complaint.

25         2.  Failure to comply with this order may result in the dismissal of this action.

26         3.  The Clerk of Court is directed to send plaintiff a complaint form.

27

28

IT IS SO ORDERED.

Dated:    November 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE