UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. MORENO, *et al.*,<br><br>    Defendants. | Case No.  2:22-cv-00650-WBS-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>ECF No. 41<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION TO AMEND COMPLAINT BE DENIED<br><br>ECF No. 37 |

      Plaintiff brought this action on April 12, 2022, and, on January 23, 2023, I found that the second amended complaint stated a viable Eighth Amendment failure to protect claim against defendants Moreno, Haynes, Smith, and Williams. ECF No. 15. Then, after service was accomplished and the case was scheduled, plaintiff filed a motion to amend his complaint, ECF No. 37, seeking to add a First Amendment retaliation claim against defendant Haynes (and possibly against defendants Moreno, Smith, and two unidentified "Doe" officers). ECF No. 38 at 4. Defendants have opposed amendment, ECF No. 39, and plaintiff has filed a reply, ECF No. 40. After review of the proposed amended complaint, I conclude that the proposed new claim is non-cognizable, and, thus, amendment should be denied as futile. I will deny plaintiff's motion to

1

appoint counsel.[1]  ECF No. 41.

## Legal Standards

Rule 15(a)(2) directs that a court "should freely give leave [to amend a complaint] when justice so requires."  Courts should generally be liberal in allowing a party to amend.  *Sonoma County Ass'n of Retired Emples. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).  Leave to amend should be denied only where there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ."  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original).  A motion may be denied solely based on its futility.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

Defendants argue, and I agree, that the proposed amendment is futile.  The third amended complaint vaguely alleges that plaintiff has suffered mental health problems because of "them"—presumably the defendants—trying to get him killed by prison gangs.  ECF No. 38 at 4.  Plaintiff alleges that these attempts are "caused by" retaliation and threats from defendant Haynes, though he does not explain either this causality, the nature of the retaliation and threats, or the motivation for the alleged retaliation.  Neither does he adequately allege how this new claim is related to his original failure-to-protect claim.  In his reply, plaintiff claims that these allegations are related because one led to the other, ECF No. 40 at 1, but he does not explain how.  As such, this claim would not be suitable to proceed past screening, and allowing plaintiff to amend only to add this non-viable claim would be futile.

I will deny plaintiff's motion to appoint counsel.  ECF No. 41.  Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may request

---

[1] Plaintiff's other, discovery-related motions, ECF Nos. 42 & 43, will be addressed in a separate order.

1 the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an
2 attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.  However,
3 without a means to compensate counsel, I will seek volunteer counsel only in exceptional
4 circumstances.  In determining whether such circumstances exist, "the district court must evaluate
5 both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his
6 claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525
7 (internal quotation marks and citations omitted).

8     I cannot conclude that exceptional circumstances requiring the appointment of counsel are
9 present here.  Despite plaintiff's allegations to the contrary, the allegations in the complaint are
10 not exceptionally complicated.  Neither has plaintiff shown that he is likely to succeed on the
11 merits.  Plaintiff does allege that he suffers from mental health issues and that he is on
12 medication, but, to date, he has represented himself adequately.  If he needs additional time to file
13 pleadings because of his circumstances, he may motion for a reasonable extension of time.

14     Accordingly, it is ORDERED that plaintiff's motion to appoint counsel, ECF No. 41, is
15 DENIED without prejudice.

16     Further, it is RECOMMENDED that plaintiff's motion to amend, ECF No. 37, be
17 DENIED as futile.

18     These findings and recommendations are submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
20 after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
23 objections shall be served and filed within fourteen days after service of the objections.  The
24 parties are advised that failure to file objections within the specified time may waive the right to
25 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
26 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

27
28

IT IS SO ORDERED.

Dated:  December 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE