1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

DURRELL ANTHONY PUCKETT,

Case No.  2:22-cv-00650-WBS-JDP (PC)

12

Plaintiff,

**ORDER**

13

v.

DENYING PLAINTIFF'S FIRST MOTION
TO COMPEL AND HIS MOTION FOR
DISCOVERY SANCTIONS, GRANTING
HIS SECOND MOTION TO COMPEL IN
PART, AND DENYING PLAINTIFF'S
MOTION FOR EXTENSION OF TIME

14

D. MORENO, *et al.*,

15

Defendants.

16

ECF Nos. 42, 43, 53, & 57

17

18

19

20

21        Plaintiff brought this action on April 12, 2022, and, on January 23, 2023, I found that the

22    second amended complaint stated a viable Eighth Amendment failure to protect claim against

23    defendants Moreno, Haynes, Smith, and Williams.  ECF No. 15.  Now pending are two of

24    plaintiff's motions to compel, ECF Nos. 42 & 53, and one motion for discovery sanctions, ECF

25    No. 43.  I will deny his first motion to compel and his motion for sanctions.  His second motion to

26    compel will be granted in part.  Finally, plaintiff's motion for extension, ECF No. 57, of time will

27    be denied.

28

1

First Motion to Compel

Plaintiff's first motion to compel, ECF No. 42, asserts that defendants inadequately replied to interrogatories and requests for admission that he propounded in October 2023.  *Id.* at 1.  As defendants point out in their opposition, however, the motion to compel does not specifically describe the inadequacy of the responses.  ECF No. 47 at 2.  Plaintiff has attached the interrogatories and requests for admission at issue, but he has done little more than underline the responses that he feels are inadequate.  ECF No. 42 at 3.  It behooves the party moving to compel to explain why the non-moving party's responses or objections are insufficient.  *Williams v. Cate*, No. 1:09-cv-00468-LJO-JLT (PC), 2011 U.S. Dist. LEXIS 143862, *2 (E.D. Cal. Dec. 14, 2011) ("[A]s the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why Defendant's objection is not justified.").  Accordingly, this motion to compel is denied without prejudice.

Motion for Discovery Sanctions

In conjunction with his first motion to compel, plaintiff has also filed a motion for discovery sanctions.  ECF No. 43.  Given my denial of plaintiff's motion to compel, ECF No. 42, and absent evidence that defendants have abused the discovery process, I find no basis on which to sanction defendants.  This motion is denied.

Second Motion to Compel

In his second motion to compel, plaintiff states that he needs three requests for production "resolved."  ECF No. 53 at 1, 3-4.  He has attached a copy of the requests at issue, *id.* at 3-4, but does not explain how defendants' objections are erroneous or inadequate.  As noted above, the moving party bears the burden of showing that the non-moving party's responses and/or objections are insufficient.

He also references three interrogatories and argues that defendants' answers are "evasive and incomplete."  *Id.* at 1.  The first of these interrogatories (number four of the set) asks: "Can you explain years and months of training to deal with mental health issues?"  *Id.* at 6.  Defendants objected to the interrogatory as overbroad, not relevant to plaintiff's claims or any affirmative defenses, and not leading to the discovery of any relevant material.  *Id.*  Defendants' objections

2

1    are well taken.  The interrogatory, as worded, is too vague and confusingly worded to be

2    effectively answered.  I cannot tell whether plaintiff is asking whether defendants have "years and

3    months" of mental health training, whether some other individuals have such training, or if he is

4    referencing some specific training that someone relevant to this case is alleged to have undergone.

5    In his motion, however, plaintiff makes clear that he is asking after defendants' mental health

6    training.  *Id.* at 1.  I will compel defendants to provide plaintiff with that information.

7         The second interrogatory (number seven of the set) simply asks, "Did Ms. Hunter give me

8    my meds?"  *Id.* at 7.  Defendants objected to this interrogatory as overbroad, not calculated to

9    lead to the discovery of relevant material, compound, and vague as to time.  *Id.*  I agree with these

10   objections and, unlike the preceding interrogatory at issue, plaintiff's motion does nothing to

11   clarify how this interrogatory is relevant or what instance of medicine provision he is inquiring

12   after.  I will not compel an additional response.

13        The third interrogatory asks, "[h]ave you been grieved against before besides me?  If yes,

14   estimate how many times."  *Id.* at 7.  Defendants objected that the interrogatory was overbroad,

15   irrelevant to the claims at issue, not calculated to lead to discoverable evidence, and not

16   proportional.  *Id.*  These objections will be upheld.  The total number of grievances filed against

17   all of the named defendants has no obvious relevance to any issue in this case.

18                                          Conclusion

19        Accordingly, it is ORDERED that:

20     1.  Plaintiff's motion to compel, ECF No. 42, and motion for sanctions, ECF No. 43, are

21   DENIED.

22     2.  Plaintiff's motion to compel, ECF No. 53, is GRANTED in part.  Defendants shall answer

23   plaintiff's interrogatory number four and describe what, if any, mental health training they have

24   undergone.  The motion is DENIED in all other respects.

25     3.  Plaintiff's motion for extension of time, ECF No. 57, is DENIED.  Plaintiff does not

26   request a specific extension and I have not yet taken up plaintiff's fourth amended complaint,

27   which was filed without first seeking leave to amend.  I will discuss the complaint, and any

28   extensions of time it may necessitate, in a separate filing.

                                              3

IT IS SO ORDERED.


Dated:    May 9, 2024

                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE

4