1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DURRELL ANTHONY PUCKETT,                Case No.  2:22-cv-00650-WBS-JDP (PC)

12              Plaintiff,                    **SCREENING ORDER**

13        v.                                 FINDING THAT THE FOURTH
                                             AMENDED COMPLAINT STATES A
14   D. MORENO, *et al.*,                     COGNIZABLE EIGHTH AMENDMENT
                                             EXCESSIVE CLAIM AGAINST
15              Defendants.                   DEFENDANTS MORENO, HAYNES,
                                             SMITH, WILLIAMS, AND DOES FOR
16                                           FAILURE TO PROTECT HIM

17                                           **FINDINGS AND RECOMMENDATIONS**

18                                           THAT ALL OTHER CLAIMS BE
                                             DISMISSED
19
                                             ECF No. 54
20
                                             OBJECTIONS DUE WITHIN FOURTEEN
21                                           DAYS

22

23        Plaintiff brings this section 1983 case against defendants Moreno, Haynes, Smith,

24   Williams, and two "Does" for failing to timely extract him from his cell after he set a fire within

25   it. ECF No. 54 at 3.  This claim is adequate to proceed.  Plaintiff's other claims against defendant

26   Haynes are, for the reasons explained hereafter, insufficiently related to proceed in this action and

27

28
                                             1

1    I recommend they be dismissed so that plaintiff can bring them in a separate lawsuit.[1]

2                                    **Screening Order**

3            **I.      Screening and Pleading Requirements**

4            A federal court must screen a prisoner's complaint that seeks relief against a governmental

5    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

6    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

7    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

8    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

9            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

15   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

16   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

18   n.2 (9th Cir. 2006) (en banc) (citations omitted).

19           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26

27           [1] Plaintiff also filed a motion for an extension of time, ECF No. 59, however, in light of
     the court's decision to modify the discovery and scheduling order after the district judge reviews
28   these recommendations, I will deny plaintiff's motion as moot.

                                              2

## II.     Analysis

As described above, plaintiff alleges that, on May 6, 2021, he set a fire in his cell while suffering from mental health issues. ECF No. 54 at 3. He claims that defendants Moreno, Haynes, Smith, Williams, and two "Does" failed to quickly remove him from his cell despite his pleas for help. *Id.* These allegations are sufficient to state an Eighth Amendment claim against all of these defendants, though the "Does" cannot be served unless and until they are identified.

In addition to this Eighth Amendment claim, plaintiff alleges that defendant Haynes issued a false rules violation report against him that accused him of being a sex offender and marking him as a target for prison gangs. *Id.* at 4. He claims that this act caused him emotional damage and violated the First Amendment insofar as it was issued in retaliation for a prison grievance he tried to file against Haynes. *Id.* at 4-5. This claim is not sufficiently related to the Eighth Amendment claim for failing to extract him from his cell. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."). Plaintiff attempts to link the two by alleging that it was Haynes' false report caused him to become suicidal, but this connection is insufficient.

The Federal Rules provide that joinder of multiple claims against more than one defendant is permissible where the defendants are liable for the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). Further, the claims must invoke "question[s] of law or fact common to all defendants will arise in the action." *Id.* To accept plaintiff's argument, any illegal act that damaged an inmate's mental health could be joined with claims concerning the collateral consequences of those psychological issues. If a doctor were deliberately indifferent to a plaintiff's medical needs and, thereby, negatively affected his emotional outlook, could that failure to provide treatment be joined with a use of force claim that, occurring days later, arose because plaintiff's deteriorated mental health rendered him incapable of complying with officers' commands? The answer must be no, insofar as the two claims lack common questions of law or fact. Here, as pleaded, the question of whether Haynes issued a retaliatory grievance has little to no legal or factual overlap with the question of whether several

1   officers, including Haynes, failed to timely extract plaintiff from his cell after he started a fire
2   inside it.  Plaintiff does not, for instance, allege that Haynes directed the other defendant officers
3   not to act as a further instance of retaliation.  Neither does he claim that the other officers were
4   involved in the false rules report.  Accordingly, I find the claims of retaliation and emotional
5   damages claims against Haynes misjoined.  They should be brought, if at all, in a separate suit.  In
6   so finding, I also conclude that forcing plaintiff to bring these claims separately would not
7   prejudice him.  The false report allegedly occurred in May 2021, and section 1983 claims for
8   prisoners in California are governed by state law regarding the statute of limitations.  Prisoners
9   serving a term of less than life effectively have four years to file section 1983 claims, plus tolling
10  for time they spent exhausting their administrative remedies.  *See Harris v. Munoz*, No. 1:21-cv-
11  01372-JLT-HBK (PC), 2023 U.S. Dist. LEXIS 50001, *19-20 (E.D. Cal. Mar. 23, 2023).  Thus, it
12  appears unlikely that plaintiff's claims against Haynes are time-barred.  Accordingly, I now
13  recommend they be dismissed as misjoined.  *See* Fed. R. Civ. P. 21 ("[A] court may, at any time,
14  on just terms, add or drop a party.").

15          Accordingly, it is ORDERED that:

16          1.  The complaint states, for screening purposes, a viable Eighth Amendment failure to
17  protect claim against defendants Moreno, Haynes, Smith, Williams, and two "Does."  Defendants
18  shall file an answer to that complaint within the time contemplated by the federal rules.  The
19  "Doe" defendants cannot be served until they are identified.

20          2.  The August 22, 2023 discovery and scheduling, ECF No. 35, is stayed pending
21  resolution of these findings and recommendations.  Following the district court's order, I will
22  modify dates in the discovery and scheduling order.

23          3.  In light of the stay on the discovery and scheduling order, plaintiff's motion for an
24  extension of time, ECF No. 59, is denied as moot.

25          Further, it is RECOMMENDED that the other claims against defendant Haynes be
26  DISMISSED without prejudice as misjoined.

27          These findings and recommendations are submitted to the United States District Judge
28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 17, 2024

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE