UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>  Plaintiff,<br><br>  v.<br><br>D. MORENO, *et al.*,<br><br>  Defendants. | Case No.  2:22-cv-0650-JDP (P)<br><br>ORDER |

Plaintiff brings this case alleging that defendants Moreno, Haynes, Smith, and Williams violated his Eighth Amendment rights by failing to extract him from a cell that he had set afire. ECF No. 54 at 3. Pending are plaintiff's: motion for summary judgment, ECF No. 64; motions to appoint counsel, ECF Nos. 65 & 66; motion for sanctions, ECF No. 68; motion for reconsideration and default judgment, ECF No. 69; and two motions for default judgment, ECF Nos. 72 & 74. These motions are, for the reasons that follow, denied. I will also set a schedule for a potential settlement conference and for filing of dispositive motions.

**I.    Motion for Summary Judgment**

Plaintiff has filed a four-page motion for summary judgment that is little more than a restatement of the claims in his complaint. ECF No. 64. Defendants' opposition argues that the motion is untimely under the current scheduling order and, if not, still fails to show that the facts

1

underlying his claims are undisputed. ECF No. 64. I will deny plaintiff's motion for summary judgment without prejudice. I agree that, as of now, it fails to make the required showing. I will set a new deadline for dispositive motions and plaintiff may, if he wishes, file a better supported motion for summary judgment.

### II.     Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. ECF Nos. 65 & 66. He argues that he has been on suicide watch and loses concentration at times. ECF No. 65 at 1. Plaintiff also claims that he has been appointed counsel in other cases. *Id.* His second motion to appoint counsel is a request that the attorney general send the court his mental health records. ECF No. 66 at 1.

I find appointment of counsel unwarranted at this time. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated, nor has plaintiff demonstrated that he is likely to succeed on the merits. And, to date, plaintiff has shown himself capable of representing himself. Accordingly, his motions to appoint counsel, ECF Nos. 65 & 66, are denied without prejudice.

### III. Motion for Sanctions

Plaintiff argues that defendants should be monetarily sanctioned for failing to respond to his motion for summary judgment and his offer for settlement. ECF No. 68 at 1. The docket reflects that defendants have responded to his motion for summary judgment. ECF No. 67. And he offers no authority that would justify sanctioning defendants for failing to respond to his settlement offers. Neither does he offer any proof or factual allegation that confirms defendants received his settlement offers. This motion is denied.

### IV. Motion for Reconsideration and for Default Judgment

This single-page motion urges the court to hold defendant Haynes responsible for failing to timely respond to the complaint. ECF No. 69. All defendants have answered the complaint, ECF No. 62, and there is no evidence that any delay in filing that answer harmed plaintiff or warrants any sanction at all, much less entry of default judgment. This motion is denied.

### V. Motions for Default Judgment

Plaintiff's second motion for default judgment faults defendants for not filing a timely response to his motion for summary judgment. ECF No. 72. Defendants have filed an opposition, ECF No. 67, and to the extent there was a delay in plaintiff's receipt of that filing, he has not shown that he was prejudiced or that delay was in bad faith. No sanctions are warranted.

Plaintiff's third and final motion for default judgment reiterates this argument, ECF No. 74, and it is denied for the same reasons.

Accordingly, it is ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 64, motions to appoint counsel, ECF Nos. 65 & 66, motion for sanctions, ECF No. 68, motion for reconsideration and default judgment, ECF No. 69, and two motions for default judgment, ECF Nos. 72 & 74, are all DENIED without prejudice.

2. Within thirty days of the date of this order's entry, the parties shall file an indication of whether they are amenable to attending a settlement conference in this case. Within sixty days of this order's entry, the parties shall file any dispositive motions. The dispositive motions deadline shall be stayed if the parties engage in a settlement conference.

IT IS SO ORDERED.

Dated: __December 16, 2024__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE