UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURRELL ANTHONY PUCKETT, | Case No. 2:22-cv-0650-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| D. MORENO, *et al.*, | |
| Defendants. | |

Plaintiff has filed a motion seeking permeant injunctive relief in the form of an order mandating his transfer to another institution.[1] ECF No. 97. For the reasons described below, I will deny the motion.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the

---

[1] Plaintiff filed an identical motion in *Puckett v. Catlin*, Case No. 2:23-cv-0210-DAD-JDP, ECF No. 74 (E.D. Cal).

1

constitutional rights of all persons, including prisoners," and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Plaintiff argues that since November 2024, he has been sexually assaulted four times, beaten, transferred seven times in the past four months. ECF No. 97 at 1. He states correctional officers and nurses have (1) played with his mail, packages, and money, (2) called him a rapist, sex offender, child molester, pervert, jack off artistic, and (3) are going to set him up for incident exposure in order to get him killed, beaten, stabbed, or jumped. *Id.* He argues that on April 5, he was sexually assaulted and beaten while wearing handcuffs. *Id.* Plaintiff states that he needs to be transferred to either federal or state jail. *Id.* He argues that all of these actions are done at the bequest of former warden Gena Jones. *Id.*

First and foremost, plaintiff seeks a permanent injunction. A permanent injunction may

1 be granted only after a final hearing on the merits, *see MAI Sys. Corp. v. Peak Comput., Inc.*, 991
2 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when
3 liability has been established . . . ."), and at this point, there has been no such final determination.
4       But even if the court were to construe plaintiff's request as one seeking preliminary
5 injunctive relief, he has failed to identify the requisite factors set forth in *Winter*, 555 U.S. 7.
6 Consequently, plaintiff has not met his burden of demonstrating that injunctive relief is
7 warranted. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction
8 is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded
9 upon a clear showing that the plaintiff is entitled to such relief.'") (quoting *Winter*, 555 U.S. at
10 376, 381).
11       Plaintiff's motion further fails to show that he has a likelihood of success on the merits of
12 this complaint. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009) (noting that when a court
13 concludes that a movant has failed to show a likelihood of success on the merits, the court, in its
14 discretion, need not consider whether the movant would suffer irreparable injury). In the
15 operative complaint, plaintiff alleges that correctional officers at a prison other than that where he
16 is now housed violated his First, Eighth, and Fourteenth Amendment rights. *See Pac. Radiation*
17 *Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks
18 injunctive relief based on claims not pled in the complaint, the court does not have the authority
19 to issue an injunction.").
20       Accordingly, it is hereby ORDERED that plaintiff's motion for permanent injunctive
21 relief, ECF No. 97, is DENIED.

IT IS SO ORDERED.

Dated:    May 1, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3